**M. M. LIHN, Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent.**

**No. 12909.**

United States Court of Appeals
Third Circuit.

Argued Nov. 20, 1959.

Decided Dec. 14, 1959.

Albert Rathblott, Camden, N. J., for petitioner.

Ulrich V. Hoffmann, Washington, D. C. (O. D. Ozment, Associate General Counsel, Monte Lazarus, Civil Aeronautics Board, Robert A. Bicks, Acting Asst. Atty. Gen., Richard A. Solomon, Department of Justice, Franklin M. Stone, General Counsel, Civil Aeronautics Board, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The question presented by the petition for review is whether an order of the Civil Aeronautics Board suspending the airman pilot certificate of the petitioner is based on substantial evidence. The Board's Hearing Examiner found that an airplane, a four-place, duel controlled Ryan Navion aircraft owned by Joseph Mathews, departing from Philadelphia International Airport, Philadelphia, was overloaded at take-off and was being then piloted by the petitioner, Lihn. The Board entered an order suspending Lihn's certificate for ninety days and also made an order denying his request for rehearing. The petition for review followed.

■ The Civil Aeronautics Board asserts that the aircraft was flown from the airport overloaded in violation of Civil Air Regulation, Section 43.10(b). This provides: "No aircraft shall be operated except in accordance with the operating limitations prescribed by the certificating authority of the country of registry." The plane was occupied by four adult persons including the petitioner and Mathews who was a registered participant in a "Jaycee Air Cruise" which left the airport on that day. There was testimony that Mathews and not Lihn was the pilot at take-off. The overloading having been discovered, on July 22, 1957, after the flight, the CAA inspector wrote Mathews stating that an overloading violation had occurred and that charges would be filed against him. The inspector testified that on July 25,

1957, he received a telephone call from the petitioner, during the course of which Lihn stated that Mathews should not have received the letter since he, Lihn, was the pilot on take-off, and that he knew the aircraft was overloaded but that there was no danger. At the hearing Lihn admitted making the telephone call and the statement that he, Lihn, was the pilot but denied that he had admitted knowledge of the overloading. He also denied that he was the pilot at take-off and testified that he was "pulling a joke on the inspector" to try and get him to file a complaint against him, Lihn, and that he informed the inspector that he was the pilot "primarily so that he would file a violation against me".

There is some slight corroborative evidence in the record that Lihn and not Mathews was the pilot of the aircraft on take-off. We do not find it necessary to employ this evidence in reaching our conclusion for there remains the statement acknowledgedly made by Lihn to the inspector that he was the pilot on take-off. The petitioner contends that this constitutes insufficient evidence to support the Board's conclusion. The situation is analogous to that presented when an occupant of a car admits to an arresting officer following an accident that he was the driver of the offending vehicle. Such an admission in our view would sustain a finding of fact that he who admitted he was the driver was in fact such. Lihn's statement, admittedly made here, is alone sufficient to support the Board's conclusion.

The petitioner also alleges that the Civil Aeronautics Board abused its discretion in failing to grant a rehearing in order to reconsider its order in respect to Lihn. Putting to one side any question relating to the lateness of the service of the petition for reconsideration, there is no adequate showing that the evidence sought to be introduced, *viz.*, the flight plan and logbook, were of such evidential significance as would cause the Board to alter its order. It was not in the category of data calculated to change the result. Lake Central Airlines, Inc. v. Civil Aeronautics Board, 1956, 99 U.S. App.D.C. 226, 239 F.2d 46, 50. No abuse of the legal discretion of the Board is demonstrated.

Accordingly the order of the Board will be sustained.